IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALTER ERWIN : | |
|              Petitioner, : | |
| : | |
| v. : | CIVIL ACTION NO. 13-254 |
| : | |
| ROBERT COLLINS, *et al.* : | |
|              Respondents. : | |

## MEMORANDUM OPINION

**Rufe, J.**                                                                                                                                   **December 15, 2015**

Petitioner, proceeding *pro se*, objects to the Report and Recommendation ("R&R") of Magistrate Judge Timothy R. Rice, which recommended that the Court deny the petition for a writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254. Upon consideration of the objections and of the record in this case, the Court will overrule the objections and approve the R&R.[1]

The R&R carefully evaluated each claim and concluded that the decisions of the state courts did not deprive Petitioner of a fair criminal trial or contradict any Supreme Court precedent. Petitioner has objected to the R&R arguing, as he did in the petition and the briefing, that he was denied a fair trial and that his counsel was ineffective. Upon careful review of the record, the Court agrees with the thorough analysis set forth in the R&R and will overrule Petitioner's objections. Petitioner has failed to overcome the hurdle of the deference afforded to

---

[1] In his objections, Petitioner requested that this case be held in stay while he returned to the state court to raise a claim pursuant to *Alleyne v. United States*, 133 S. Ct. 2151 (2013) and *Commonwealth v. Newman*, 2014 WL 4088805 (Pa. Super. Ct. Aug. 20, 2014). According to the state court dockets, the renewed petition was denied as untimely. *See Commonwealth v. Erwin*, No. CP-51-CR-0505701-2004 (Phila. Ct. Comm. Pleas Jan. 8, 2015). Petitioner appealed this denial to the Pennsylvania Superior Court, which affirmed the decision of the Post-Conviction Relief Act ("PCRA") court. *See Commonwealth v. Erwin*, No. 372 EDA 2015 (Pa. Super. Ct., July 30, 2015). It does not appear that Petitioner sought to appeal to the Pennsylvania Supreme Court. Moreover, the trial judge's discretionary imposition of the maximum sentence based on her view of the seriousness of the offense and the reasons for Petitioner's actions does not implicate *Alleyne*, as the record does not reflect that the trial judge found any facts that should have been determined by the jury in fashioning the sentence.

state courts, and counsel cannot be deemed ineffective if the underlying claims lack merit, as they do here.

I.      BACKGROUND

The R&R set forth the full procedural history of Petitioner's state criminal case and accurately stated the facts as found by the state court. The Court adopts these sections of the R&R and summarizes them here to provide context. In 2004, Petitioner was convicted of murder. The evidence at trial established that Petitioner's keys were found under the victim's body, and several witnesses testified that Petitioner had told them he no longer had his keys and that a friend of his had been shot. Another witness testified to arguments between Petitioner and the victim. At trial, a neighbor testified that on the night of the murder she had heard gunshots, and about an hour later, saw two men running from the building where the victim was found to a car; one of the men stated that he had dropped his keys. Before trial, the witness had been unable to identify Petitioner through a photographic array, stating that she did not get a good look at the men she saw and it was dark. At trial, in response to a question from the judge, the witness identified Petitioner as the man she had seen running down the block. The trial judge denied a defense motion for a mistrial based on the unexpected trial identification because the testimony was not elicited by the prosecutor, and there was no indication that the prosecutor knew that the witness would identify Petitioner. A jury convicted Petitioner of third-degree murder and he was sentenced to 20-40 years of imprisonment. His appeals and subsequent PCRA petition met with no success.

## II.     LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996[2] ("AEDPA"), governs habeas petitions like the one before this Court.  Under the AEDPA, "a district court shall entertain an application for writ of habeas corpus [filed on] behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or the laws or treaties of the United States."[3]  Where, as here, the habeas petition is referred to a magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), a district court conducts a *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[4]

When the claims presented in a federal habeas petition have been decided on the merits in state court, a district court may not grant relief unless the adjudication of the claim in state court: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.[5]

A state court's decision is "contrary to" clearly established law if the state court applies a rule of law that differs from the governing rule set forth in Supreme Court precedent or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the

---

[2] 28 U.S.C. § 2254.

[3] 28 U.S.C. § 2254(a).

[4] 28 U.S.C. § 636(b)(1).

[5] 28 U.S.C. § 2254(d).

3

Supreme Court] and nevertheless arrives at a result different from [its] precedent."[6] A decision is an "unreasonable application of" clearly established law if "the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case."[7] The "unreasonable application" clause requires more than an incorrect or erroneous state court decision.[8] Instead, the application of clearly established law must be "objectively unreasonable."[9]

A petitioner faces a high hurdle in challenging the factual basis for a prior state-court decision rejecting a claim. The prisoner bears the burden of rebutting the state court's factual findings by clear and convincing evidence.[10] Moreover, "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance."[11]

## III. DISCUSSION

### A. "Surprise Identification"

Petitioner alleged that the witness's unexpected identification of him at trial violated his due process rights. The R&R concluded that the state court's 2005 holding that the identification was constitutional was not objectively unreasonable and did not violate clearly established federal law. In 2005, federal law was unsettled; the Supreme Court later clarified that suggestive identification procedures only implicate due process concerns when law enforcement officers

---

[6] *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).

[7] *Id.* at 75 (quoting *Williams*, 529 U.S. at 413).

[8] *Id.*

[9] *Id.*

[10] *Burt v. Titlow*, 134 S. Ct. 10, 15 (2013) (internal quotations and citations omitted).

[11] *Id.* (internal quotation omitted).

were responsible for the suggestive circumstances.[12] Petitioner argues that the in-court identification was the result of prosecutorial misconduct through negligent questioning that led to the trial judge's attempt to clarify with the witness. The R&R thoroughly addressed this issue, explaining why Petitioner's rights were not violated, and the Court finds no error in the analysis.

  B.  *Excessive Sentence*

Petitioner was sentenced to the maximum statutory penalty for third-degree murder, 20-40 years of imprisonment, although the state sentencing guidelines recommended a sentence of 9½ to 20 years. Petitioner contends that the sentence was excessive and thereby violated his substantive due process rights. As the R&R concluded, the exercise of sentencing discretion by a state court pursuant to state law does not raise a question of constitutional law cognizable on *habeas* review.[13] There was no error in this conclusion; an argument that the trial judge abused her discretion in sentencing under state laws and within the state-court maximum sentence does not, without more, raise a constitutional claim.

  C.  *Judicial Misconduct*

Petitioner argues that allegations of misconduct by the trial judge, which were unrelated to his trial and which occurred years later (the allegations were reported in 2011), entitle him to an evidentiary hearing. This argument was rejected when raised for the first time in his PCRA appeal to the Pennsylvania Superior Court. In his Objections, Petitioner argues that the R&R incorrectly stated that he argued that the misconduct allegations were exculpatory and that he "has never argued that the after discovered evidence of his judge entitles him to a new trial or

---

[12] R&R at 9-10 (citing *Perry v. New Hampshire*, 132 S. Ct. 716, 721 n.4 (2012)).

[13] R&R at 13-14.

was exculpatory per se. . . . "[14] But Petitioner does apparently argue that the allegations of judicial misconduct unrelated to his trial entitle him to an evidentiary hearing. The Court finds no legal basis for this contention in the circumstances of this case.[15]

### D. Ineffective Assistance of Counsel

Ineffective assistance of counsel claims are evaluated pursuant to the two-pronged test established by the Supreme Court in *Strickland v. Washington*.[16] Under *Strickland*, counsel is presumed to have acted reasonably and to have been effective unless a petitioner can demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced petitioner.[17] Counsel's performance is only deficient when it is "outside the wide range of professionally competent assistance."[18] Prejudice occurs upon a showing that there is a reasonable possibility that but for counsel's deficient performance, the outcome of the underlying proceeding would have been different.[19] For example, "[a]n attorney cannot be ineffective for failing to raise a claim that lacks merit," because in such cases, the attorney's performance is not deficient, and would not have affected the outcome of the proceeding.[20] Similarly, an ineffective assistance of counsel claim is not established upon the showing that an error had an effect on the proceedings; rather, a petitioner must show that there is a reasonable

---

[14] Objections at 9.

[15] Petitioner's unsupported statements that both his trial counsel and PCRA counsel were under investigation similarly do no give rise to a basis for an evidentiary hearing.

[16] 466 U.S. 668 (1984).

[17] *Id*. at 687.

[18] *Id*. at 690.

[19] *Lewis v. Horn*, 581 F.3d 92, 106-07 (3d Cir. 2009).

[20] *Singletary v. Blaine*, 89 F. App'x 790, 794 (3d Cir. 2004) (citing *Moore v. Deputy Comm'r of SCI-Huntingdon*, 946 F.2d 236, 245 (3d Cir. 1991)).

probability that the outcome would have been different in the absence of such errors.[21] In evaluating the Pennsylvania courts' treatment of ineffectiveness claims, the Court must determine whether the state courts' "application of *Strickland* to [petitioner's] ineffectiveness claim was objectively unreasonable [and] . . . resulted in an outcome that cannot reasonably be justified under *Strickland*."[22]

      1.  <u>Failure to Interview and Call an Alibi Witness</u>

Petitioner alleged that trial counsel failed to call or interview an available alibi witness. This claim was rejected by the state courts and in the R&R because the trial judge conducted a colloquy with Petitioner in which he confirmed that he did not wish to call any witnesses and agreed with the decision not to present any witnesses.[23] In his objections, Plaintiff asserts without elaboration that counsel "unlawfully induced him to say that he had no witnesses because of the bad and wrong legal advise [sic] from Counsel."[24] As the R&R explained, the state court reasonably rejected this ineffectiveness claim in light of Petitioner's specific representations at trial that he had no witnesses he wanted to call and that he was satisfied with counsel's performance. Under these the circumstances, it is not an unreasonable application of federal law for the state court to reject the claim on the basis that "[t]o hold otherwise would allow a defendant to build into his case a ready-made ineffectiveness claim to be raised in the event of an adverse verdict."[25]

---

[21] *Strickland*, 466 U.S. at 694.

[22] *Werts v. Vaughn*, 228 F.3d 178, 204 (3d Cir. 2000).

[23] R&R at 16.

[24] Objections at 6.

[25] *Commonwealth v. Erwin*, No. 1428 EDA 2011 mem. op. at 9 (Pa. Super. Ct. July 12, 2012) (quoting Commonwealth *v. Paddy*, 800 A.2d 294, 316 (Pa. 2002) (internal quotation marks omitted)).

2. <u>Failure to Effectively Litigate Due Process Claim</u>

In this claim, Petitioner contends that appellate counsel was ineffective for failing to argue that the trial judge subjected Petitioner to trial by ambush on the identification issue, and that PCRA counsel in turn failed to raise the alleged ineffectiveness of appellate counsel. The R&R properly concluded that the due process argument had been rejected on the merits on direct appeal, and that counsel could not be held ineffective for failing to raise a meritless claim.[26]

3. <u>Advising Petitioner Not to Testify</u>

Petitioner alleges that he did not testify because his counsel advised him that his previous criminal convictions could be used against him if he did, and argues that this advice was incorrect, as he had not been convicted of a crime of dishonesty in the ten years before the 2004 trial.[27] The PCRA court denied the claim because the colloquy with the trial judge established that Petitioner knowingly decided not to testify. However, the Superior Court determined that the claim was procedurally defaulted under Pennsylvania Rule of Appellate Procedure 2119(a) by failing to identify the nature and dates of the prior convictions.[28] The R&R found that Rule 2119(a) constitutes an "independent and adequate state law" that effectively precludes habeas review.[29] The R&R also concluded that even if this procedural default could be excused, the underlying claim lacked merit.[30] Petitioner could not show that counsel's advice was constitutionally infirm because Petitioner had several convictions for dishonesty, and even

---

[26] R&R at 17 (citing *United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999)).

[27] R&R at 18.

[28] Rule 2119 provides that "where [an appellant] fails to support an issue with legal authority or to develop a legal argument for an issue, that issue is deemed waived."

[29] R&R at 18.

[30] R&R at 19 (citing *Martinez v. Ryan*, 132 S. Ct. 1309, 1320 (2012) (holding that there may be "good cause" to excuse procedural default if PCRA counsel was ineffective and the claim has some merit)).

though those convictions were more than 10 years old at the time of trial, the Pennsylvania Rules of Evidence allow such convictions to be used for impeachment if the probative value outweighs the prejudicial effect.[31]

In his objections, Petitioner argues that because all of his prior convictions were part of the record below as they were relied upon in calculating his sentence, Rule 2119(a) should not have barred consideration of his claim. However, it is not for the federal courts to determine whether the state appellate court properly applied a state rule of appellate procedure to deem a claim procedurally defaulted. The Court agrees with the R&R that Petitioner has not shown that the underlying claim has merit as required to excuse the procedural default. Counsel was not ineffective for advising Petitioner to avoid the risk that his substantial history of prior convictions could be used against him if Petitioner testified, as the advice was within the reasonable range of decision-making and strategy by counsel.

## IV.     CONCLUSION

The objections to the R&R are overruled. Because Petitioner has not made a substantial showing of the denial of a constitutional right, the Court holds that a certificate of appealability should not issue. There is no basis for concluding that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[32]

---

[31] Pa. R. Evid. 609.

[32] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation omitted).